OPINION. Disney, Jvdge: The first and principal question here presented has already received no little attention in Lakeside Irrigation Co. v. Commissioner, 128 Fed. (2d) 418, affirming 41 B. T. A. 892, where it is fully discussed; and in Reddington Co. v. Commissioner, 131 Fed. (2d) 1014, affirming the Board of Tax Appeals. These cases relied upon by the respondent, lay down the rule that section 24 (b) (1) (B) of the Internal Revenue Code[1] is applicable where there is a transaction involving sale of various securities between a corporation and an individual owning more than 50 percent of its stock, and that the stocks are to be considered separately sold, and losses on some of such stocks may not be deducted, though there is a taxable gain on the other stocks sold in such transaction. To the same effect is B. O. Mahaffey, 1 T. C. 176. The petitioner, however, urges that the present case is distinguishable from those above named, in particular contending that in those cases separate prices were fixed for the different classes of stock sold; that the price paid had no relation to cost, as in the instant case; and that there the parties relied upon unity of purpose, a transfer at one time, and lump payment, to make the transaction indivisible — whereas here, it is argued, in effect, there was one indivisible sale, with no pricing of the various securities, but an avoidance thereof, and a purchase intentionally at cost. It is also said that the stocks were active and purchased at their market prices, and that section 24 (b) (1) (B) was not intended to prohibit the transaction here examined. We are unable to discern the desired distinction between this case and those above cited. That the transaction sale was, in effect, one at cost goes only to the good faith of the parties participating, and in the Reddington case, supra, the court says that the intention was not to avoid taxes can not be significant. There was, in our view, no more indivisible transaction here than in the above cases. The resolution by petitioner’s board of directors specially set a separate price upon ‘■he stock represented by each stock certificate, in case of the stocx in American Telephone & Telegraph Co. and in Chesapeake & Ohio Railway Co. Examination of the amounts involved in the list of stock sold, as shown in our findings, discloses that these stocks total $29,644.75, out of the $131,368.75 sold. How, then, may it be said, with reason, that all stocks were sold for a lump sum indivisible? It was divided by such resolution, and the fact that the reason for doing so was to facilitate transfer does not negative the fact of division. Moreover, the petitioner had for years kept separate, in an individual account, the stock represented by each certificate purchased, so that it might with accuracy always compute “the adjusted acquisition cost to apply against any ultimate realization,” as the petitioner’s treasurer phrased the matter. When the time came for sale of these stocks, the price was calculated by adding together the market price for all; and on its income tax return, referring to the amount received, petitioner says “the prices being the market prices for said stocks at the close of September 15, 1941.” Moreover, immediately thereafter we find, “The net loss realized in these sales [italics supplied] was $198.21,” and that amount was reported as a loss. The petitioner is in effect in the position of having kept the stocks carefully separated, to facilitate bookkeeping, to calculate adjusted costs against ultimate realization, and to collate tax returns, yet denying, such separability when there was such ultimate realization from the sale here in question. Failing to find here any more separation of the various stocks than in the cited cases, we conclude that section 24 (b) (1) (B) of the Internal Revenue Code applies and that the Commissioner did not err in adding the gains to income while denying deduction of the losses. The petitioner contends also that it should not be subjected to personal holding company surtax. The respondent upon brief denies that petitioner is entitled to relief, because of the fact that section 27 (a) (3) of the Internal Revenue Code (with reference to dividends paid credit, and considering deficits) is inapplicable to the petitioner, a personal holding company. Petitioner, however, in its reply brief, specifically admits that section 27 (a) (3) does not apply to it, as a personal holding company; but seeks immunity “upon the broad ground that it was not the intent of Congress to impose so unfair and unreasonable a tax,” saying that it had a deficit both at the beginning and end of the taxable year, that it could not relieve itself from the harsh provisions of the personal holding company surtaxes, because, the corporation having a deficit, any distributions to its stockholders would have been from capital and nontaxable in the hands of the stockholders, so that, under section 27 (i) of the Internal Revenue Code [2] petitioner could not have secured credit for dividends paid. Therefore, petitioner argues, if we understand the point, it could not have been the intent of Congress to apply the personal holding company surtaxes in such circumstance. This, however, is asking us to legislate. The applicable act, section 500 of the Internal Revenue Code, does not set up the exception asked for by the petitioner. We are not convinced that we should interpret an exception.into it. Decision will be entered for the respondent. SEC. 24. ITEMS NOT DEDUCTIBLE. ******* (b) Losses from Salks or Exchanges of Property.— ******* (1) Losses disallowed. — In computing net income no deduction siiall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly— ******* (B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual. SEC. 27. CORPORATION DIVIDENDS PAID CREDIT. *•••••* (ii Nontaxabi.e Distributions. — Tf any part of a distribution (including stock dividends and stock rights) is not a taxable dividend In the hands of such of the shareholders as are subject to taxation under this chapter for the period in which the distribution is made, such part shall not be included in computing the basic surtax credit.